COURTNEY HUDSON GOODSON, Justice, dissenting. The majority in this case finds error in the circuit court’s conclusion that the restriction on overnight visitation was in the best interest of the child. I must dissent. Arkansas’s appellate courts have steadfastly upheld chancery court orders that prohibit parents from allowing romantic partners to stay or reside in the home when the children are present. Taylor v. Taylor, 345 Ark. 300, 47 S.W.3d 222 (2001) (citing Campbell v. Campbell, Ark. 379, 985 S.W.2d 724 (1999)). This court has gone so far as to say that “a parent’s unmarried cohabitation with a romantic partner, or a parent’s promiscuous conduct or lifestyle, in the presence of a child cannot be abided.” Taylor v. Taylor, 353 Ark. 69, 80, 110 S.W.3d 731, 737 (2003) (emphasis supplied); see also Campbell, supra; Walker v. Walker, 262 Ark. 648, 559 S.W.2d 716 (1978). This rule has been applied regardless of whether the parent is heterosexual or homosexual. See Taylor v. Taylor, 345 Ark. 300, 47 S.W.3d 222 (2001); Campbell, supra. The laudable purpose of the prohibition is to promote a stable environment for children; it is not imposed merely to monitor a parent’s sexual conduct. Hamilton v. Barrett, 337 Ark. 460, 989 S.W.2d 520 (1999). In our 2001 decision in Taylor, supra, this court affirmed the circuit court’s requirement that the mother’s female sexual companion move out of the home as a condition of retaining custody of her children. Taylor, 345 Ark. 300, 47 S.W.3d 222. There was no showing of harm occasioned by the companion’s presence, as the circuit court expressed the willingness to allow the companion to babysit when the mother was at work. Nonetheless, we held that the circuit court acted within its authority and was not clearly erroneous in determining that it was not in the children’s best interests for the mother to continue cohabitating with another adult with whom she was romantically involved. This court said, As emphasized by our court’s earlier decisions, the trial court’s use of the non-cohabitation restriction is a material factor to consider when determining custody issues. Such a restriction or prohibition aids in structuring the home place so as to reduce the possibilities (or opportunities) where children may be present and subjected to a single parent’s sexual encounters, whether they be heterosexual or homosexual. Taylor, 345 Ark. at 304-305, 47 S.W.3d at 225. We have not completely abandoned the restriction in subsequent caselaw. In Arkansas Department of Human Services v. Cole, 2011 Ark. 145, 380 S.W.3d 429, this court determined that Act l’s categorical ban prohibiting sexual cohabitors from adopting or fostering children was unconstitutional as a violation of the fundamental right of privacy found in the Arkansas Constitution. However, we did not disavow the restriction on overnight romantic guests, as we expressly rejected the argument that striking down the categorical ban would prevent our courts from considering and enforcing non-cohabitation orders and agreements in domestic-relations cases. The primary consideration regarding visitation is the best interest of the child. Baber v. Baber, 2011 Ark. 40, 378 S.W.3d 699. In its oral ruling from the bench, the circuit court recognized this guiding principle. The court also recognized the settled law permitting the imposition of a restriction on overnight visitation in the presence of sexual partners. Contrary to the majority’s assertion, the circuit court did not neglect to make a determination that the restriction was in the best interest of the child. The court quite plainly stated that “the best interest dictates that that be the continued policy of the Court” to not permit overnight visitation in the presence of the child. I would affirm the circuit court’s decision in keeping with our time-tested law. The court acted well within in its authority to conclude that the restriction promoted the best interest of this child. HART, J., joins.